IN THE U.S. DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Great Northern Paper, Inc. | : | CIVIL ACTION NO. 02-CV-4620 |
| Plaintiff, | : | |
| vs. | : | |
| York Paper Company | : | |
| Defendant. | : | |

**MEMORANDUM OF LAW IN SUPPORT OF**
**DEFENDANT'S F.R.C.P. 12(B)(6) MOTION TO DISMISS IN PART**
**PLAINTIFF'S COMPLAINT**

Defendant, York Paper Company ("York Paper") by its undersigned counsel, Stradley, Ronon, Stevens & Young, LLP, respectfully submits this Memorandum of Law in Support of its Motion to Dismiss Count V of Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).

I. **FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff's Complaint purportedly arises from various paper products that Plaintiff claims it delivered to York Paper. The Complaint essentially involves two separate groups of paper. The first set of paper is referenced in Exhibit "A" to the Complaint; the second set of paper is referenced in Exhibit "B" to the Complaint. As to the first set of paper, the Complaint asserts that Plaintiff has not received payment and the Complaint sets forth claims for breach of contract (Count I), promissory estoppel (Count II), unjust enrichment (Count III), and conversion (Count IV). As to the second set of paper, the Complaint alleges that York Paper "represented to [Plaintiff] in writing in a letter dated June 6, 2002, that York Paper was encountering certain

alleged quality issues." (Complaint, ¶10.) The Complaint then alleges that, as a "result of that representation," Plaintiff and York Paper "entered into an agreement by letter dated June 10, 2002, in which [Plaintiff] credited York Paper in the total amount of $600,000 with respect to payments due" for that second set of paper. (Complaint, ¶11.) The Complaint claims that that representation in York Paper's letter of June 6, 2002 was false and the Complaint then purports to set forth a claim against York Paper in Count V for "Fraudulent Inducement / Misrepresentation / Reliance". Copies of the letters of June 6, 2002 and of June 10, 2002 are attached to the Motion to Dismiss as Exhibits "A" and "B", respectively.[1]

In the letter of June 6, 2002 that the Complaint references and relies upon to form its claim in Count V, York Paper advised Plaintiff that the paper product supplied by Plaintiff had certain quality issues. (Motion to Dismiss, Exhibit "A".) However, in the letter of June 10, 2002 that the Complaint references and relies upon to form its claim in Count V, Plaintiff expressly stated that it "acknowledges there have been runability and brittleness issues as to a substantial portion of the paper." (Motion to Dismiss, Exhibit "B".) In that letter, Plaintiff then credited York Paper $600,000 "due to the foregoing quality problems.

On July 11, 2002, Plaintiff filed its Complaint against York Paper, seeking, among other things, to undo its foregoing credit of $600,000, notwithstanding that it had previously expressly acknowledged the defects that it now wants to dispute. Because its foregoing allegations are based upon written documents which directly contradict those allegations, York Paper has

---

[1] Although the Complaint does not attach a copy of the letters as an exhibit, the letters identified are referenced in the Complaint and are integral to Plaintiff's claims. Such exhibits to the motion to dismiss do not convert the instant motion into a motion for summary judgment. See, e.g., United States Express Lines, LTD. V. Higgins, 281 F.3d 383, 388 (3d Cir. 2002).

moved pursuant to F.R.C.P. 12(b)(6) to dismiss the attendant claim in Count V as it fails to state a claim upon which relief can be granted.

II.  **ARGUMENT**

    A.  Standard for 12(b)(6) Motion

A motion to dismiss under Fed. R. Civ. P. 12(b)(6) admits the well-pleaded allegations of the complaint, but denies their legal sufficiency.  Hospital Bldg. Co. v. Trustees of the Rex Hospital. 425, U.S. 738, 740 (1976).  However, where a written exhibit contradicts an allegation, the writing controls on a motion to dismiss.  See, e.g., Jubilee v. Horn, 959 F. Supp. 276, 278 n.2 ( E.D. Pa. 1997); General Accident Ins. Co. of Am. v. Fid. and Deposit Co. of Maryland, 598 F. Supp. 1223,1229 (E.D. Pa. 1984).  Where, as here, the writing directly contradicts the allegations of the complaint, the claims in the complaint that are based on those allegations may be dismissed.  Id.

    B.  The Complaint Fails to State a Cause of Action for Fraudulent Inducement/ Misrepresentation/Reliance

All averments of fraud must be plead with particularity.  F.R.C.P. 9(b).  In order to properly plead a cause of action for fraud, a plaintiff must, by clear, precise and convincing evidence, establish: "(1) a misrepresentation; (2) a fraudulent utterance thereof; (3) an intention by the maker that the recipient will thereby be induced to act; (4) justifiable reliance by the recipient on the misrepresentation and (5) damage to the recipient as the proximate result." Greenberg v. Tomlin, 816 F. Supp. 1039, 1054 (E.D. Pa. 1993)  (citations omitted).  Specifically, "a cause of action for fraud requires that a misrepresentation of a past or present material fact be pleaded and proved."  Id.  (emphasis added).

In the instant case, Plaintiff cannot establish the most basic element of any fraud claim - the existence of a fraudulent utterance.  While Plaintiff alleges in its Complaint that York

Paper "knowingly made false representations" regarding the quality of the paper, Plaintiff's own words contradict these allegations. (Complaint, ¶ 42). *In its own letter dated June 10, 2002, Plaintiff unequivocally admitted that there were in fact quality problems with the product it supplied.* (Motion to Dismiss, Exhibit "B".). In that letter, Plaintiff stated that it "acknowledges there have been runability and brittleness issues as to a substantial portion of the paper that Great Northern has sold to you and covered by the invoices listed on Schedule 1." Furthermore, based upon its acknowledgment, Plaintiff issued York Paper a credit in the amount of $600,000.

Plaintiff cannot allege facts which are directly contrary to those in the written exhibits. See, e.g., Jubilee, 959 F. Supp. at 278 n.2 (where a written exhibit contradicts an allegation in a complaint, the writing controls on a motion to dismiss); General Accident Ins. Co. of Am., 598 F. Supp. at 1229 (same). Plaintiff's own letter is clear that Plaintiff acknowledged that there were defects in the paper, and that Plaintiff issued the credit in response to those defects. Plaintiff cannot in good faith set forth facts directly contradicting its own writing. To the extent that Plaintiff has chosen to do so, the exhibits control and override such allegations on the instant motion to dismiss. Id.

In addition, as Plaintiff's letter is referenced in the Complaint, Plaintiff's admissions in its letter should constitute judicial admissions that are conclusively binding upon Plaintiff. See, e.g., Giannone v. United States Steel Corp., 238 F.2d 544, 547 (3d Cir. 1956) ("[J]udicial admissions ... are admissions in pleadings, stipulations, etc. which do not have to be proven in the same litigation."); Travelers Indem. Co. v. Engel, No. CIV. A. 92-4866, 1994 WL 398788, 3 (E.D. Pa. July 29, 1994) ("[A]dmissions in pleadings are deemed conclusive.") (citing O'Neil v. Four States Builders & Remodelers, Inc., 484 F. Supp. 18, 20 (E.D. Pa. 1979)). Thus,

the facts to which Plaintiff has admitted, i.e., that the defects existed in the paper, are no longer at issue.  See, e.g., Kelly v. Fulkerson, 275 F. Supp. 134 (M.D. Pa. 1976).

Therefore, Plaintiff cannot allege that (1) York Paper made any misrepresentations of fact, and (2) that Plaintiff was induced by any such statements.  Absent these basic pleading requirements, Plaintiff is unable, as a matter of law, to sustain a cause of action for fraud as set forth in Count V of the Complaint.  Accordingly, Count V of Plaintiff's Complaint should be dismissed for failure to state a claim upon which relief may be granted.

Respectfully submitted,

By: _____
    Andrew K. Stutzman
    STRADLEY RONON STEVENS & YOUNG, LLP
    2600 One Commerce Square
    Philadelphia, PA  19103-7098
    (215) 564-8000
    Attorneys For Defendant
    York Paper Company

Dated:

IN THE U.S. DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Great Northern Paper, Inc. | : | CIVIL ACTION NO. 02-CV-4620 |
| Plaintiff, | : | |
| vs. | : | |
| York Paper Company | : | |
| Defendant. | : | |

### DEFENDANT'S F.R.C.P. 12(B)(6) MOTION TO DISMISS IN PART PLAINTIFF'S COMPLAINT

Defendant, York Paper Company ("York Paper") by its undersigned counsel, Stradley, Ronon, Stevens & Young, LLP, hereby moves pursuant to Federal Rule of Civil Procedure 12(b)(6) to dismiss in part the Complaint of Plaintiff, Great Northern Paper, Inc. ("Plaintiff"), because Plaintiff has admitted the facts which it now seeks to contest, and avers as follows:

1.  Plaintiff's Complaint filed on July 11, 2002 purportedly arises from various paper products that Plaintiff claims it delivered to York Paper. The Complaint essentially involves two separate groups of paper. The first set of paper is referenced in Exhibit "A" to the Complaint; the second set of paper is referenced in Exhibit "B" to the Complaint.

2.  As to the first set of paper, the Complaint asserts that Plaintiff has not received payment and the Complaint sets forth claims for breach of contract (Count I), promissory estoppel (Count II), unjust enrichment (Count III), and conversion (Count IV).

3.  As to the second set of paper, the Complaint alleges that York Paper

"represented to [Plaintiff] in writing in a letter dated June 6, 2002, that York Paper was encountering certain alleged quality issues." (Complaint, ¶10.) The Complaint then alleges that, as a "result of that representation," Plaintiff and York Paper "entered into an agreement by letter dated June 10, 2002, in which [Plaintiff] credited York Paper in the total amount of $600,000 with respect to payments due" for that second set of paper. (Complaint, ¶11.) The Complaint claims that that representation in York Paper's letter of June 6, 2002 was false and the Complaint then purports to set forth a claim against York Paper in Count V for Fraudulent Inducement/Misrepresentation/Reliance. Copies of the letters of June 6, 2002 and of June 10, 2002 are attached hereto as Exhibits "A" and "B", respectively.[1]

   4. In the letter of June 6, 2002 that the Complaint references and relies upon to form its claim in Count V, York Paper advised Plaintiff that the paper product supplied by Plaintiff had certain quality issues. (Exhibit "A".)

   5. However, in the letter of June 10, 2002 that the Complaint references and relies upon to form its claim in Count V, Plaintiff expressly stated that it "acknowledges there have been runability and brittleness issues as to a substantial portion of the paper." (Exhibit "B".) In that letter, Plaintiff then credited York Paper $600,000 "due to the foregoing quality problems."

   6. All averments of fraud must be plead with particularity. In addition, in order to properly plead a cause of action for fraud, a plaintiff must establish the following elements: (1) a misrepresentation; (2) a fraudulent utterance thereof; (3) an intention by the maker that the

---

[1] Although the Complaint does not attach a copy of the letters as an exhibit, the letters identified are referenced in the Complaint and are integral to Plaintiff's claims. Such exhibits to the motion to dismiss do not convert the

- 2 -

recipient will thereby be induced to act; (4) justifiable reliance by the recipient on the misrepresentation and (5) damage to the recipient as the proximate result.

7. In Plaintiff's July 10, 2002 letter to York Paper, Plaintiff acknowledged that there were in fact quality problems with the paper product supplied to York Paper.

8. Therefore, Plaintiff cannot establish a material misrepresentation of an existing fact, as it has already acknowledged the truth of that fact.  See, e.g., Jubilee v. Horn, 959 F. Supp. 276, 278 n.2 ( E.D. Pa. 1997) (where a written exhibit contradicts an allegation in a complaint, the writing controls on a motion to dismiss); General Accident Ins. Co. of Am. v. Fid. and Deposit Co. of Maryland, 598 F. Supp. 1223,1229 (E.D. Pa. 1984) (same).

9. In light of the foregoing, the Complaint fails to state a claim in Count V for Fraudulent Inducement/Misrepresentation/Reliance upon which relief can be granted.

---

instant motion into a motion for summary judgment.  See United States Express Lines, LTD. V. Higgins, 281 F.3d 383, 388 (3d Cir. 2002).

Doc. #600955v.1

- 4 -

WHEREFORE, York Paper Company requests that this Court dismiss Count V of Plaintiff's Complaint.

                    Respectfully submitted,

By: _____
     Andrew K. Stutzman
     STRADLEY RONON STEVENS & YOUNG, LLP
     2600 One Commerce Square
     Philadelphia, PA  19103-7098
     (215) 564-8000
     Attorneys For Defendant
     York Paper Company

Dated:

## CERTIFICATE OF SERVICE

I, Andrew K. Stutzman, hereby certify that on August 28, 2002, I caused a true and correct copy of the foregoing Defendant's 12(B)(6) Motion to Dismiss in Part Plaintiff's Complaint and Memorandum of Law in support thereof to be served on the following:

### VIA UNITED STATES MAIL

Grant S. Palmer, Esquire
Blank Rome Comisky & McCauley, LLP
One Logan Square
Philadelphia, PA 19103

_____
Andrew K. Stutzman